UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA R. TODD,

        Plaintiff,

v.

RBS CITIZENS, N.A. d/b/a
CHARTER ONE BANK,

        Defendant.

                                         /

CASE NO.10-10425

HON. MARIANNE O. BATTANI

**ORDER OVERRULING PLAINTIFF'S OBJECTION TO
MAGISTRATE JUDGE'S ORDER OF AUGUST 30, 2010**

On August 30, 2010, Magistrate Judge Virginia M. Morgan entered an order (Doc. 25) that granted in part and denied in part Defendant's Motion to Compel (Doc. 13) and Plaintiff's Motion to Compel Discovery and Extend Discovery (Doc. 14).

Before the Court are Plaintiff's objections to that Order. (Doc. 28).[1] The Court has reviewed the record and finds oral argument will not aid in the resolution of this dispute. See, E. D. Mich. LR 7.1(f)(2). For the reasons that follow, Plaintiff's five objections are **OVERRULED**.

**I. BACKGROUND**

Plaintiff, a former branch manager for Charter One Bank, alleges that Defendant discriminatorily discharged her because of her race on February 28, 2009. (Doc. 1 Ex. 2). According to Defendant, Plaintiff was terminated after two branches under her supervision failed three out of four internal compliance risk assessments in a year's time. (Doc. 30 at

---

[1] Defendant did not file objections.

5). After the parties conferred regarding discovery under Rule 26(f), the Court entered a Scheduling Order with a discovery cutoff date of July 29, 2010. (Doc. 9).

On July 28, 2010 (one day before discovery closed) each party filed a motion to compel discovery. Defendant sought Plaintiff's supplemental responses to its first set of interrogatories and requests for production of documents. (Doc. 13). Plaintiff moved to extend discovery for 30 days and sought nine additional items of discovery. (Doc. 14). On the last day of discovery, Plaintiff served Defendant its 2nd Request for Production of Documents (seeking twenty-one additional categories of documents). (Doc. 30, Ex. 1).[2]

On August 31, 2010, after the issues were fully briefed, Magistrate Judge Morgan heard oral argument on both motions to compel. The parties engaged in a nearly two-hour oral argument before the Magistrate Judge. After the hearing, the Magistrate Judge entered an order granting in part and denying in part the motions before her. (Doc. 25). Plaintiff's objections to that order are now before the Court. (Doc. 28).

## II. STANDARD OF REVIEW

A party may object to a magistrate judge's nondispositive discovery orders. FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The reviewing court must affirm the magistrate judge's ruling unless the movant demonstrates the ruling is "clearly erroneous" or "contrary to law." FED. R. CIV. P. 72(a). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. See, Anderson v. Bessemer City, N.C., 470 U.S. 564, 573-74 (1985).

---

[2] On September 12, 2010, since Defendant had not yet responded to this request, Plaintiff filed a 2nd Motion to Compel Discovery. (Doc. 26). A hearing on this motion is set before Magistrate Judge Morgan on October 13, 2010. (Doc. 29).

Instead, the standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 33 U.S. 364, 395 (1948).

### III. ANALYSIS

The Federal Rules of Civil Procedure are in place to facilitate discovery of all relevant evidence. "The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." Lewis v. ACB Bus. Servs., 135 F.3d 389, 402 (6th Cir.1998). Rule 26 authorizes expansive discovery, provided the material sought "is relevant to any party's claim or defense" and is not privileged. FED. R. CIV. P. 26(b)(1). Despite this liberal approach, discovery is not limitless:

> the court must limit the ... extent of discovery otherwise allowed by these rules ... if it determines that the discovery sought is unreasonably cumulative or duplicative ... [or] ... the party seeking discovery has had ample opportunity to obtain the information ... [or] ... the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(c). Relatedly, a district court has broad discretion over discovery matters. Trepel v. Roadway Express, Inc., 194 F.3d 708 (6th Cir. 1999). In deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and her order is overruled if the district court finds an abuse of discretion. 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3069, 350 n.20 (2d ed. 1997 & Supp.2010) (citing cases). An abuse of discretion exists when the court applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact. First Tech. Safety Sys., Inc. v. Depinet, 11 F.3d 641, 647 (6th Cir.1993).

**A. Plaintiff's Objections**

**1. Additional Risk Assessments for the Branches Plaintiff Managed**

The Magistrate Judge denied Plaintiff's request for both the "Summary of Findings" and the "Detailed Report" of risk assessment for fiscal quarters from each of the two branches Plaintiff supervised. While Plaintiff admits Defendant has produced either a summary or detailed report for all the quarters at issue, she objects on the basis that she needs *both* documents to present her case properly. The summary and detailed reports are generated based on the branches' answers to the same set of standardized questions.

The Magistrate did not abuse her discretion in denying the request. Whether in a summary, or detailed format, Plaintiff already has nine quarters of risk assessments from both branches she managed. There is no factual dispute between the summary and detailed findings. Plaintiff has deposed ten witnesses who have knowledge of the details and content of both versions of the risk assessment reports. At this point, requiring Defendant to produce additional versions of the same reports is unreasonably cumulative and duplicative. Based on the amount of discovery Plaintiff currently has on the risk assessments, the Magistrate Judge's denial was not clearly erroneous.

**2. E-mails Between Plaintiff, Cullen, Minghine, and Gabler.**

The Magistrate Judge denied Plaintiff's request for additional emails between Plaintiff and Defendant's employees (Cullen, Minghine, and Gabler) regarding Plaintiff's work performance, risk assessments at her branch, and discipline issues because she found that Defendant already produced all requested emails that were available. Plaintiff rejects Defendant's position that it has produced all responsive emails in its possession and objects to the Magistrate Judges order denying Plaintiff's request to produce additional

emails.

The Magistrate did not abuse her discretion in denying the request based on a finding that Defendant had already produced all responsive emails. Plaintiff contends more responsive emails exist based on Defendant's representation that "voluminous" emails remain in its possession. Plaintiff questions why, after a privilege and relevancy review, Defendant produced only five responsive 2008 emails from its self described "voluminous" collection. Plaintiff's objection is based on a misinterpretation of a communication with Defendant. Defendant wrote to Plaintiff and explained that it had received the contents of the active mailboxes for the individuals requested by Plaintiff and those mailboxes were "voluminous" in size. (Doc. 30 Ex. 6). Defendant described the size of a pre-privilege review mailbox and most likely did not intend to describe the amount of responsive emails it would produce. In fact, since Defendant's counsel had not yet reviewed the emails, it could not have made such a representation to Plaintiff's counsel. After Defendant performed a privilege and relevancy review, it learned that the mailboxes containing e-mail communications from 2010 had nothing to do with this matter and the very few emails from 2008 or 2009 that were responsive, were duplicative of those already produced. Defendant explains that any other allegedly responsive 2008 emails were either deleted by Plaintiff,[3] or by Defendant's normal operating procedures.

Plaintiff's mere disappointment with the results of Defendant's thorough and

---

[3] Plaintiff's counsel had unrestricted access to Plaintiff's mailbox as it existed two days after she was fired (Defendant's IT department exported her mailbox to a PST file, an electronic archive of the mailbox contents). After Plaintiff's counsel reviewed the entire contents, he selected 316 pages of responsive documents, which Defendant produced to Plaintiff. (Doc. 30 at 7).

reasonable email search cannot support her accusation that Defendant is holding back responsive emails.[4] Nor is it enough to justify a forensic investigation of Defendant's email system. Since Defendant already produced all responsive emails and there is no reasonable indication otherwise, the Magistrate Judge's denial of further production was not clearly erroneous nor contrary to law.

### 3. Deposition of Nicole Broda

Because Nicole Broda went on short-term disability leave before her scheduled deposition, the Magistrate Judge denied Plainitff's demand that Defendant produce Broda for a deposition. Plaintiff objects and argues that since Defendant did not explain the circumstances surrounding her disability nor present evidence why she is physically unable to attend the deposition, Plaintiff is entitled to have Defendant procure her attendance.

The Magistrate did not abuse her discretion in prohibiting the parties from contacting Broda until she returns to work. The Magistrate Judge did not prevent Plaintiff from taking Broda's deposition or include her as a trial witness, rather, *neither party* is allowed to contact her until she returns to work. Plaintiff suffers no hardship from this delay because Broda was not involved in the decision to fire her. Moreover, Broda was expected to discuss risk assessments, a topic that Plainitff has ample discovery on. Given the amount of discovery Todd already has on this issue and that fact that Broda was the fourth deponent on issue of operations management and risk assessments, Plaintiff's request is near the unreasonably cumulative threshold. Additionally, Defendant's obligations under the under the American's with Disabilities Act and the Family and Medical Leave Act make

---

[4] Several hundred of the 1300 pages of discovery documents produced by Defendant are responsive emails. (Doc. 30 at 5).

it problematic to comply with Plaintiff's demand. The Magistrate Judge acknowledged these external complications and her ultimate decision to prohibit contact with Broda until she returns to work was not clearly erroneous.

### 4. Deposition of Natalie Davis

The Magistrate Judge did not order Defendant to produce Natalie Davis for a deposition because discovery has closed and she currently resides in San Diego, California. She did, however, grant Plaintiff leave to take a Rule 45 deposition. Despite the fact the Defendant proposed a telephone deposition of Davis within the discovery period (to which Plaintiff did not respond), Plaintiff now objects, contending that Defendant must physically produce Davis in Michigan. (Doc. 30, Ex. 3). Plaintiff has Natalie Davis's contact information and can schedule her Rule 45 deposition if needed. (Doc. 30 at 11). The Magistrate Judge did not foreclose Plaintiff's ability to take the deposition; she simply altered the manner. The resolution of this dispute was reasonable and not an abuse of discretion, nor contrary to law.

### 5. Extension of Discovery

The Magistrate Judge denied Plaintiff's request to reopen discovery for thirty days after Broda's deposition. Plaintiff objects and complains that it could not complete discovery within the schedule because of Defendant's untimeliness. Plaintiff's accusation is thin given that:

> Defendant timely answered all of Plaintiff's discovery requests, attempted to resolve any disputes with Plaintiff's counsel without court resolution, produced over 1,300 pages of documents, allowed Plaintiff to review the contents of her entire mailbox as it existed at the time of her discharge, allowed Plaintiff's counsel to review copies of all records subpoenaed by Defendant, readily produced 10 individuals for deposition, and cooperated in producing 2 others.

7

(Doc. 30 at 11). There is no indication Defendant's statements are untrue.

Todd explains that the testimony of Broda and Davis is critical to her case and additional discovery will be required based on the issues disclosed at the depositions. If this is true, the Court is puzzled at Todd's failure to take Davis's testimony within the discovery period as proposed by Defendant. Moreover, it is unlikely Broda's deposition will reveal any new discovery avenues given that Plaintiff already has 200+ pages of discovery on the issues Broda would have discussed (risk assessments/operations management), she would be the fourth deponent on the issue of operations management, and she played no role in Defendant's decision to terminate. Furthermore, since Defendant filed its motion for summary judgement within the dispositive motion cut-off date,[5] the re-opening of discovery would unduly prejudice Defendant while unfairly benefitting Plaintiff. Under the present circumstances, the Magistrate Judge's refusal to extend discovery was not an abuse of discretion nor contrary to law.

**IV. CONCLUSION**

As discussed above, because the discovery dispositions in the Magistrate Judge's Order of August 31, 2010 are neither clearly erroneous nor contrary to law, Plaintiff's objections are **OVERRULED**.

**IT IS SO ORDERED.**

                                                       s/Marianne O. Battani
                                                       MARIANNE O. BATTANI
                                                       UNITED STATES DISTRICT JUDGE

---

[5] Cut-off date was September 30, 2010. (Doc. 21). Defendant filed a timely Motion for Summary Judgment. (Doc. 32).

Date: <u>October 6, 2010</u>

**CERTIFICATE OF SERVICE**

      Copies of this Order were mailed and/or electronically filed to counsel of record on this date.

                                          <u>s/Bernadette M. Thebolt</u>
                                          Case Manager